UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                          Case No. 03-32063-WRS
                                                               Chapter 7
TERRY MANUFACTURING
COMPANY INC.,

     Debtor

J. LESTER ALEXANDER III, TRUSTEE,

     Plaintiff                                           Adv. Pro. No. 04-3061-WRS

  v.

THE PEOPLES BANK, BANK OF WEDOWEE,
and FIRST TUSKEGEE BANK,

     Defendants

## MEMORANDUM DECISION

These consolidated Adversary Proceedings came before the Court for a hearing on September 14, 2004, on motions to dismiss filed by The Peoples Bank, First Tuskegee Bank and Bank of Wedowee. The Trustee was present by counsel Brent B. Barriere. Defendant The Peoples Bank was present by counsel Lee R. Benton; Bank of Wedowee was present by counsel Jesse S. Vogtle, Jr.; and First Tuskegee Bank was present by counsel Leonard N. Math. Adversary Proceedings 04-3061, 04-3062 and 04-3063 were consolidated for purposes of discovery and pretrial proceedings. (Doc. 10). The Court will discuss the complaint against The Peoples Bank in Adversary Proceeding 04-3061. The complaints in the two remaining Adversary Proceedings are factually similar and present the same legal issue. For the reasons set forth below, the motions to dismiss are GRANTED. Count III of each of the three complaints is DISMISSED.

As this Adversary Proceeding is before the Court on a motion to dismiss, the Court will accept, as true, the facts set forth in the complaint. The Debtor corporation paid The Peoples Bank $608,650.00, during a period of time beginning May 30, 2002 and ending July 7, 2003. The Debtor filed a petition in bankruptcy pursuant to Chapter 11 on July 22, 2003. This money was used to satisfy an indebtedness owed by Perky Cap Company, Inc., which was an entity controlled by Rudolph Terry and Roy Terry, former officers of the Debtor corporation. No value was received by the Debtor, except that the indebtedness owed by Perky Cap was reduced by the amount paid by the Debtor. The Trustee contends that by accepting these payments, The Peoples Bank thereby "aided and abetted" Rudolph and Roy Terry in a breach of their fiduciary duties to the Debtor. The Trustee seeks to recover, for the benefit of the estate, payments made to the Banks on a theory that by accepting them the Banks aided in the breach of a fiduciary duty for which the Banks should be held liable.

At the September 14 hearing, counsel for the Trustee admitted that Alabama law does not recognize a cause of action for aiding and abetting in the breach of a fiduciary duty, but argues that if the issue were presented, the Alabama Supreme Court would recognize such a cause of action. To the extent that the Trustee's cause of action may be governed by Georgia rather than Alabama law, Georgia likewise does not recognize such a cause of action. Monroe v. Board of Regents of University System of Georgia, 602 S.E. 219, 224 (Ga. App. 2004). The United States Court of Appeals ruled against a trustee in bankruptcy in a case in which liability was sought to be imposed on a theory of aiding and abetting a breach of a fiduciary duty. In re: Munford, 98 F.3d 604, 612-613 (11th Cir. 1996). The Eleventh Circuit in Munford stated that "even assuming

2

Case 04-03061    Doc 31    Filed 12/08/04    Entered 12/08/04 12:24:01    Desc Main
Document      Page 2 of 4

that Georgia courts will someday recognize a cause of action for aider and abettor liability in the context of a breach of fiduciary duty claim, the facts in this case do not warrant its creation now." Id. at 613.

While neither Alabama nor Georgia recognizes the tort of aiding and abetting a breach of a fiduciary duty, the State of Iowa does. See, Tubbs v. United Central Bank, N.A., 451 N.W.2d 177 (Iowa 1990). In Tubbs, the Iowa Supreme Court defined the elements of the cause of action as follows:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so as to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Monroe at 182 (citing Restatement (Second) of Torts § 876 (1979)). If we were to assume, for the sake of argument, that such a cause of action existed, either as a matter of Georgia or Alabama law, the complaints on file would not state a claim for which relief may be granted. Accepting payment on a bank loan from Corporation X, to satisfy an indebtedness owed by Corporation Y does not begin to state such a cause of action, even if one did exist. The fallacy in the Trustee's argument is that it assumes that payment of an indebtedness of one corporation by

3

Case 04-03061   Doc 31   Filed 12/08/04   Entered 12/08/04 12:24:01   Desc Main
                         Document      Page 3 of 4

an affiliate is per se a breach of a fiduciary duty and therefore actionable. This is not correct. Considerably more must be proved before liability may be imposed.

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint. White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999). A motion should be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his allegations which would entitle him to relief." Id. Having read the complaints on file with the Court, having heard the argument of counsel for the parties and having considered the briefs on file, the Court concludes that the Plaintiff has failed to state a claim for which relief may be granted. The Court will grant the motions to dismiss by way of a separate order.

Done this 8th day of December, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
Lee R. Benton, Attorney for The Peoples Bank
Jesse S. Vogtle, Attorney for Bank of Wedowee
Leonard N. Math, Attorney for First Tuskegee

4