UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                          Case No. 03-32063-WRS
                                                               Chapter 7
TERRY MANUFACTURING
COMPANY INC.,

    Debtor

J. LESTER ALEXANDER III, TRUSTEE,

    Plaintiff                                      Adv. Pro. No. 04-3061-WRS

v.

THE PEOPLES BANK, et al.,

    Defendants

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for a telephonic hearing on July 28, 2005. Plaintiff J. Lester Alexander, III, was present by counsel Brent B. Barriere, Defendant The Peoples Bank was present by counsel Charles S. Ball, Defendant Bank of Wedowee was present by counsel Jesse Stringer Vogtle, Jr., and Defendant First Tuskegee Bank was present by counsel Leonard N. Math. In addition, Lynn R. Dadisman, Deputy Regional Counsel for the Federal Deposit Insurance Corporation was also present.

## I. FACTS

Chapter 7 Trustee J. Lester Alexander, III, brought three Adversary Proceedings against the three Defendant banks seeking to recover certain payments which he contends are avoidable as fraudulent conveyances. As the legal issues are similar with respect to the three banks, this Court consolidated these proceedings by its order of September 13, 2004. (Doc. 10).

As the claims in this Adversary Proceeding are complex, the Court will review the nature of these claims in some detail, beginning with the initial complaint. The initial complaint, against all three banks, alleged in general terms, that the banks had lent money to either affiliates or principals of Terry Manufacturing. When these loans were repaid by Terry Manufacturing, it is alleged by the Trustee, that a fraudulent conveyance was made to each bank. In Count III of each of the original complaints, the Plaintiff alleged that each bank had aided and abetted in the breach of a fiduciary duty. On December 8, 2004, this Court dismissed Count III of each of the complaints, finding that Alabama law did not recognize a cause of action for aiding and abetting the breach of a fiduciary duty. (Docs. 31, 32). Counts I and II, which allege fraudulent conveyance theories remain with respect to each of the three banks.

By this Court's Order of April 8, 2005 (Doc. 78), the Plaintiff was granted leave to amend his complaint. The amendments affect only Bank of Wedowee. The Amended Complaint, which is directed only against Bank of Wedowee, adds claims for fraudulent suppression, breach of fiduciary duty, negligence and aiding and abetting conversion. The Plaintiff alleges in these claims that Bank of Wedowee had engaged in improper banking practices. The Amended Complaint makes references to the FDIC and State of Alabama bank examiners.

On June 13, 2005, the Plaintiff filed a motion to strike or in the alternative to compel the production of documents. (Doc. 124). This motion was filed in response to the Bank of Wedoee's effort to supplement its initial disclosures to add Allen W. Hawkins, Jr., as a witness.[1] Hawkins was an examiner for the FDIC, who has retired. Bank of Wedowee seeks to use the

---

[1] The Supplemental Disclosure is attached as Exhibit 1 to the Trustee's motion (Doc. 124), but it does not appear to have been filed by Bank of Wedowee with the Court.

2

testimony of Mr. Hawkins as well as two pages from an FDIC Report of Examination. Bank of Wedowee claims that this examination exonerates it of the wrongdoing alleged by the Plaintiff. The FDIC has not agreed to give the Trustee free access to the reports, or the underlying working papers, so that he may test the Bank's claim.

The FDIC materials pose a dilemma. On the one hand, to the extent that they do not support the Trustee's contentions of wrongdoing, they inferentially support the Bank. On the other hand, it is not fair or reasonable to permit the Bank to cherry pick two pages of material and permit the Bank to parade this at trial as evidence of their innocence, while restricting the Plaintiff's access to materials which he may find probative. One possible solution would be to permit the Plaintiff access to examine the FDIC audit workpapers and files to permit it to search for evidence which might blunt the effect of the two pages of the FDIC audit report in question. However, another consideration is raised by the FDIC in that it seeks to protect the confidentiality of its workpapers. If FDIC workpapers were to be perused by litigants on a routine basis, persons with pertinent information might be reluctant to be candid with FDIC examiners, undermining their regulatory mission. The FDIC has indicated that it may object to production of its records, which could further complicate this proceeding.

It would appear that a better solution is to keep all of the FDIC audit materials out of evidence. Either the Bank of Wedowee did or did not do the things alleged by the Trustee in his Amended Complaint, irrespective of what is contained in the FDIC workpapers. The Court has examined the FDIC Examination Reports for the dates September 30, 2002, December 31, 1999, and March 31, 1997, and is of the view that there is nothing particularly probative in them. Bank of Wedowee might point to them and argue that if they had done what the Trustee alleges, that it

3

would be discussed in detail.  That there is only a glancing mention might inferentially support the Bank of Wedowee.  In response, the Trustee might contend either that the FDIC did not do a thorough job in its audit or that it was misled by Bank of Wedowee personnel.  This would give rise to a three-cornered discovery battle between Bank of Wedowee, the Trustee and the FDIC, which would potentially consume a great deal of time and resources for what almost certainly would be evidence of very little or no value.  For this reason, the Court will leave the FDIC Reports off limits to all parties.  The Court will enter an Order by way of a separate document.

Done this 19th day of August, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
Lee R. Benton, Attorney for The Peoples Bank
Jesse J. Vogtle Jr., Attorney for Bank of Wedowee
Leonard N. Math, Attorney for First Tuskegee Bank