UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 03-32063 - WRS
                                                   Chapter 7
TERRY MANUFACTURING
COMPANY INC.,

    Debtor.


J. LESTER ALEXANDER III, TRUSTEE,

    Plaintiff,                                Adv.Pro.No. 04-3061 - WRS

v.

THE PEOPLES BANK et al.

    Defendants.


## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motions for summary judgment filed by Defendants, Peoples Bank of Eatonton ("Peoples Bank) and Bank of Wedowee. (Docs. 177, 178, 179, 181, 183). The Plaintiff and Trustee, J. Lester Alexander, III,[1] has also moved for summary judgment on the issue of the Debtor's insolvency. (Docs. 198). The Court heard oral argument on these motions on October 18, 2005. Plaintiff was present by counsel Brent B. Barriere and Catherine E. Lasky,

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform, an affiliated entity, filed a voluntary Chapter 11 petition on July 22, 2003. (Case No. 03-32213, Doc. 1). Joint Administration of these two cases was ordered by this Court's Order of October 3, 2003. J. Lester Alexander, III, was appointed Chapter 11 Trustee by Order of this Court on July 10, 2003. (Doc. 20). The Chapter 11 cases of Terry Manufacturing and Terry Uniform were converted to cases under Chapter 7 of the United States Bankruptcy Code, by Order of the Court dated May 13, 2004. (Case No. 03-32063, Doc. 579). J. Lester Alexander, III, was appointed Trustee of both Chapter 7 cases.

Defendant Peoples Bank was present by counsel Lee R. Benton, and Defendant Bank of Wedowee was present by counsel Jesse Stringer Vogtle, Jr. A telephonic hearing on these matters involving First Tuskegee Bank was held on October 31, 2005. The Plaintiff was represented by counsel Brent B. Barrier and Defendant First Tuskegee was present by counsel Leonard N. Math. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H). During the pendency of these motions, the Trustee settled his claim against First Tuskegee, therefore, the Court will not consider that motion here.

## I. FACTS

### A. Background

Chapter 7 Trustee J. Lester Alexander, III, brought three Adversary Proceedings against the three defendant banks seeking to recover transfers totaling approximately $3.6 million[2] as fraudulent conveyances.[3] The time period for the payments the Trustee is seeking to recover is from July 7, 1999 through July 7, 2003, which was the date that Terry Manufacturing filed its petition in bankruptcy. (Alexander Aff. ¶ 6). The initial complaint against all three banks alleged, in general terms, that the banks had lent money to either affiliates or principals of Terry Manufacturing. The Trustee alleges that the payment to the banks by Terry Manufacturing constituted fraudulent conveyances.

---

[2] The Trustee acknowledged at the October 18, 2005 hearing that the exact amount of loan payments received by the banks from Terry Manufacturing has yet to be completely ascertained.

[3] As explained in the Court's Memorandum Decision, (Doc. 173), dated August 19, 2005, Count III, for aiding and abetting breach of fiduciary duty, of each of the original complaints filed against the banks was dismissed. (Docs. 31, 32). Counts I and II, alleging fraudulent conveyance theories, remain with respect to each of the three banks.

Furthermore, it is alleged by the Trustee that the loaned money was funneled through the accounts of Terry Manufacturing and then disbursed by the Terrys to pay either personal obligations or fictitious persons and dummy entities, thereby depriving Terry Manufacturing from receiving any benefit from the loan proceeds.

B. **Peoples Bank**

Peoples Bank lent $1,500,000.00 to Perky Cap Company, an entity controlled by the Terrys, on May 30, 2002. (Doc. 177). Roy and Rudolph Terry guaranteed the loan in their individual capacities and a corporate guarantee was executed by Terry Manufacturing. This loan was also secured by the real property of Perky Cap. Moreover, N.D. Horton, an individual with past business relations with the Terrys, agreed to purchase the collateral in the event of a default on the payment of the loan. The Trustee seeks to recover, as fraudulent conveyances, payments on this loan made by Terry Manufacturing to Peoples Bank in the approximate amount of $608,650.00.

C. **Bank of Wedowee**

Beginning in 1996, the Bank of Wedowee[4] made a series of loans to the Terrys. (Doc. 182). The Trustee is seeking to recover as fraudulent conveyances total payments made by Terry Manufacturing to the bank, in the amount of $2,055,685.61. (Doc. 54). Additionally, the Trustee has asserted several causes of action against Defendant Bank of Wedowee, on the basis that the bank knew or should have known of a check kiting

---

[4] The Bank of Wedowee has filed a proof of claim against Terry Manufacturing in the amount of $1,892,483.39. (Claim No. 10); (Doc. 182).

scheme perpetrated by the Terrys, involving the accounts and funds of Terry Manufacturing at that bank. These additional counts include Count I (Fraudulent Conveyances Pursuant to the Alabama Uniform Fraudulent Transfer Act)[5]; Count II (Fraudulent Conveyances pursuant to 11 U.S.C. § 548); Count III (Fraudulent Suppression); Count IV (Breach of Fiduciary Duty); Count V (Negligence); Count VI (Wantonness); VII (Unjust Enrichment); Count VIII (Aiding and Abetting Conversion); and Count IX (Jury Demand). (Doc. 54).

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the

---

[5] See Ala. Code 1975, § 8-9A-4(a, b)

4
Case 04-03061    Doc 211    Filed 12/19/05    Entered 12/19/05 13:39:18    Desc Main
                    Document      Page 4 of 18

nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. at 322; Hail v. Regency Terrace Owners Ass'n, 782 So. 2d1271, 1273 (Ala. 1999). At the stage of summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.Ram Indus., Inc., 64 F.Supp. 2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, Meadowcraft, Inc, 106 F.3d 1519, 1526 (11th Cir. 1997).

### B. Fraudulent Conveyances

Before delving into the various issues that arise from this Adversary Proceeding, it is important to emphasize that from the Court's reading of the pleadings, the Trustee is proceeding on a constructive fraudulent transfer theory against all three defendant banks, and has amended the original complaint against Bank of Wedowee to include an actual fraudulent intent theory, as well as other causes of action against that bank. (AP 04-3061, Docs. 1, 54; AP 04-3062, Doc.1; AP 04-3063, Docs. 1, 19).

The Court finds that material facts are in dispute with respect to the fraudulent conveyance claims asserted by the Trustee. At the heart of these disputed facts is the pivotal question—did Terry Manufacturing receive reasonably equivalent value in exchange for making payments to Peoples Bank and Bank of Wedowee on various loans executed by the Terrys or entities controlled by them? The banks assert that as a

5
Case 04-03061    Doc 211    Filed 12/19/05    Entered 12/19/05 13:39:18    Desc Main
Document    Page 5 of 18

substantial portion of the loan proceeds were deposited into the bank accounts of Terry Manufacturing, that this in and of itself is determinative of this issue. (Alexander Aff. ¶ 4). Alternatively, the banks argue that the loan proceeds deposited into the bank account of Terry Manufacturing were used to pay legitimate business expenses. Conversely, the Trustee argues that neither analysis is sufficient, rather the proper focus should be placed not on whether the funds passed through Terry Manufacturing's bank account, but whether it obtained any benefit from the funds and how that benefit compared to the amount of payments made to the defendant banks. The two competing tracing analyses, for purposes of determining the usages of the loan proceeds, performed by the Trustee and the Defendant's expert, Thomas R. Averett, highlight disputed facts. (Pl.'s Ex. H).

The Court will not grant summary judgment in favor of Peoples Bank and Bank of Wedowee, as there are disputed facts on the issue of the Debtor's insolvency. While the Trustee asserts that the Debtor was insolvent during the time period in question by any measure of the term, the Defendants' expert asserts that "available evidence seems to support that [Terry Manufacturing] was solvent through December 31, 2000." (Pl.'s Ex. H). At a minimum, the Court finds the following disputed facts which are best suited to resolution in a trial setting: 1) did Terry Manufacturing receive reasonably equivalent value for the payments it made to the defendant banks; 2) how and for what purposes were the loan proceeds actually used; 3) what type of tracing analysis should be employed to determine the ultimate use of the funds once they were commingled with other monies of Terry Manufacturing; 4) to the extent the loan proceeds were used to inflate Terry Manufacturing's revenues and satisfy existing overdraft balances, did it receive an "indirect benefit" from the loan proceeds; 5) on the issue of insolvency what

6

value, if any, should be assigned to the claim of Terry Manufacturing against Cintas now pending in state court. See Ingalls v. Erlewine (In re Erlewine), 349 F.3d 205, 209 (5th Cir. 2003)(questions of reasonable equivalence is "usually a question of fact, or is at least fact-intensive"); Taylor v. Riverside-Franklin Prop.(In re Taylor), 228 B.R. 491, 498 (Bankr. M.D. Ga. 1998)(court is hesitant to decide such matters at summary judgment stage because fraudulent conveyances are fact intensive by nature)(citation omitted); Moecker v. Johnson (In re Transit Group, Inc.), 2005 Bankr. LEXIS 1938, at *23 (Bankr. M.D. Fla. Sept. 2, 2005)("issues relating to solvency generally are not susceptible to summary judgment because factual disputes usually exist"); Freedlander, Inc. Mortg.People v. NCNB Nat'l Bank, 706 F. Supp. 1211, 1212 (E.D. Va. 1988)(summary judgment is seldom appropriate in cases where particular states of mind are involved in the claim or defense); Dial v. Morgan, 525 So. 2d 1362, 1364 (Ala. 1988)("questions of intent are seldom appropriate for disposition by summary judgment"). Accordingly, denial of the bank's respective motions for summary judgment is warranted with respect to the fraudulent conveyance claims. As discussed in detail below, Bank of Wedowee's motion for summary judgment is granted in part with respect to Counts III, IV, V, VI, VII, and VIII, asserted in the Trustee's First Amended and Supplemental Complaint. (Docs. 54, 181, 182).

The Court will deny by way of a separate Order, the motions for summary judgment filed by Peoples Bank and Bank of Wedowee.

### C. The Trustee's Claims against Bank of Wedowee

**1. Counts III (Fraudulent Suppression), IV (Breach of Fiduciary Duty), V (Negligence), and VI (Wantonness)**

In addition to the fraudulent conveyance claims asserted against Bank of Wedowee, the Trustee has alleged five other claims against that bank: Count III (Fraudulent Suppression), Count IV (Breach of Fiduciary), Count V (Negligence), and Count VI (Wantonness). These claims require the existence of a duty owed by Bank of Wedowee to Terry Manufacturing. Absent such a duty, the Trustee may not proceed on these theories of liability against Bank of Wedowee. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(Rule 56 mandates summary judgment against a party who fails to make a sufficient showing establishing the existence of an element essential to that party's case and which party will bear the burden of proof at trial).

"It is axiomatic that to maintain a negligence claim, one must point to the existence of a duty on the part of the defendant." Smith v. AmSouth Bank, Inc., 892 So.2d 905, 999 (Ala. 2004)(citing Patrick v. Union State Bank, 681 So.2d 1364 (Ala. 1996). The existence of a fiduciary duty may arise when a customer reposes trust in a bank and relies on the bank for financial advice, or in other special circumstances. Univ. Fed. Credit Union v. Grayson, 878 So. 2d 280, 290 (Ala. 2003)(citing K & C Dev. Corp v. AmSouth Bank, N.A., 597 So. 2d 671, 675 (Ala. 1992); Baylor v. Jordan, 445 So.2d 254, 256 (Ala. 1984)).

In the present case, there has been no suggestion on the part of the Trustee that the Bank of Wedowee provided financial advice to Terry Manufacturing or that trust was reposed in the bank, such that a fiduciary relationship arose. Rather, the Trustee argues that special circumstances are in play here because of the existence of a check kiting scheme involving the funds and accounts of Terry Manufacturing, which the bank allegedly knew or should have known about—all of which, according to the Trustee, the bank had a duty to disclose. The traditional rule in Alabama is that in the absence of a special confidential relationship, the general creditor-debtor relationship does not impose a fiduciary duty of disclosure on a bank. Ex parte Ford Motor Credit Co., 717 So. 2d 781, 786-87 (Ala. 1997); University Federal Credit Union v. Madalene Grayson, 878 So. 2d 280, 290; Patrick v. Union State Bank, 681 So.2d at 1369 ("[o]f course, banks do not actually have a legal fiduciary duty to the public at large . . .") Also, absent a special relationship or special circumstances, one person owes no duty to protect another from the criminal actions of a third person. Smith v. AmSouth Bank, Inc., 892 So.2d 905, 909 (Ala. 2004).

In Patrick, the Court held that "a bank owes a duty of reasonable care to the person in whose name, and upon whose identification, an account is opened to ensure that the person opening the account and to whom checks are given is not an imposter." 681 So.2d at 1371. The facts of Patrick were particularly egregious in that a noncustomer of the bank, whose identity was stolen by an individual that opened a checking account in her name, was incarcerated for a period of ten days, as the imposture had written numerous bad checks on the account. Considering the holding of Patrick, the Court views the facts of the present case as being very different.

9

In this Adversary Proceeding, the Trustee argues that the Bank of Wedowee had a duty to discover and disclose a check kiting scheme. The Court does not agree. Terry Manufacturing had access to its own account information, therefore it is unlikely that the bank had access to information that Terry Manufacturing did not have. If one were to assume, for the sake of argument, that the bank knew that Terry Manufacturing's accounts were being used in a check kiting scheme, a difficult question arises as to what the bank should do with this information. This appears to put the bank in the futile position of either notifying the directors or officers who are themselves engaged in the alleged activities or ceasing all economic activity with Terry Manufacturing. Imposing such a duty would force the bank to police the activities of its borrowers. The Court finds a failure of evidence as to a special relationship or special circumstances that would give rise to a duty, fiduciary or otherwise, owed by the bank to Terry Manufacturing. Accordingly, the Court will enter summary judgment in favor of the Bank of Wedowee as to Counts III, IV, V, and VI, and dismiss these claims, with prejudice.

**2. Count VII (Unjust Enrichment)**

Under Count VII of the Trustee's First Amended and Supplemental Complaint, the Trustee makes a claim of unjust enrichment. The basis for the Trustee's claim is that by receiving Terry Manufacturing's funds for a debt that was not owed by Terry Manufacturing, the Bank of Wedowee was unjustly enriched at the expense of Terry Manufacturing. The Court finds that the Trustee is not entitled to proceed against the

Bank of Wedowee on this Count. This is because the claim of unjust enrichment[6] is unavailable where a legal remedy exists. Menotte v. Pulte (In re Martin), 278 B.R. 634 644-645 (Bankr. S.D. Fla. 2002)("[t]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy")(quoting Nautica Int'l v. Intermarine USA, L.P., 5 F. Supp. 2d 1333, 1341, (S.D. Fla. 1998)). The Trustee here is seeking damages and has asserted statutory causes of action as well as this claim of unjust enrichment. As in Martin, the Trustee has not shown that its statutory remedies under 11 U.S.C. § 548 are inadequate. Consistent with this reasoning, the Court finds that the Trustee cannot proceed under this equitable doctrine and that summary judgment is due to be granted in favor of Defendant Bank of Wedowee as to Count VII.

### 3. Count VIII (Aiding and Abetting Conversion)

Count VIII of the Trustee's First Amended and Supplemental Complaint asserts a claim of aiding and abetting a conversion. The Trustee argues that the Bank of Wedowee "knowingly facilitated, allowed, and acquiesced in the wrongful taking of funds from Terry Manufacturing's account at the Bank to pay the Terry's debt to the Bank." (Doc. 54). Aiding and abetting liability requires the following elements: "(1) that an independent wrong exist; (2) that the aider or abettor know of the wrong's existence; and (3) that substantial assistance be given to effecting that wrong." Pereira v. United Jersey

---

[6] "One is unjustly enriched if his retention of a benefit would be unjust. (Citations omitted). Retention of a benefit is unjust if (1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit . . . engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched." Welch v. Montgomery Eye Physicians, P.C., 891 So.2d 837, 843 (Ala. 2004)(citing Jordan v. Mitchell, 705 So.2d 453, 458 (Ala.Civ.App.1997).

11

Bank, N.A., 201 B.R. 644, 671 (S.D.N.Y. 1996)(quoting Landy v. Federal Deposit Ins. Corp., 486 F.2d 139, 162-63 (3d Cir. 1973)). The Defendant argues that summary judgment is due to be granted as to this count because no conversion[7] ever occurred. It should be clarified that the Court views the Trustee's claims that the bank knew or should have known of a check kiting scheme going on at the bank involving Terry Manufacturing's funds and accounts, as being distinct from alleging that the payments to the bank constituted a conversion and that the bank knowingly facilitated and acquiesced in that conversion. Whether the Bank of Wedowee acquiesced or actively participated in a check kiting scheme for purposes of maintaining the façade that Terry Manufacturing was a viable company in order to continue the incoming stream of loan payments, is an allegation made by the Trustee that will ultimately have to be proven at trial as an integral part of its actual fraud claim against the bank under 11 U.S.C. § 548(a)(1)(A). However, with respect to the Trustee's aiding and abetting conversion claim, the record is devoid of any evidence suggesting that the Bank of Wedowee knew that the payments made by Terry Manufacturing to the bank constituted a conversion. Absent knowledge on the part of the bank of the existence of a conversion, the Trustee cannot proceed on a claim of aiding and abetting such conversion. Therefore, Count VIII is dismissed, with prejudice.

### D. The Trustee's Jury Demand for Counts I and II is Waived

---

[7] To sustain a claim of conversion, there must be: (1) a wrongful taking; (2) an illegal assertion of ownership; (3) an illegal use or misuse of another's property; or (4) a wrongful detention or interference with another's property. Drennen Land & Timber Co. v. Privett, 643 So.2d 1347, 1349 (Ala. 1994)(citing Gray v. Liberty Nat'l Life Ins. Co., 623 So.2d 1156 (Ala. 1993); Driver v. Hice, 618 So. 2d 129 (Ala. Civ. App. 1993); Gillis v. Benefit Trust Life Ins. Co., 601 So. 2d 951 (Ala. 1992).

The Trustee filed his First Amended and Supplemental Complaint on March 1, 2005, adding Counts III (Fraudulent Suppression), IV (Breach of Fiduciary Duty), V (Negligence), VI (Wantonness), and VII (Unjust Enrichment), and Count IX (Jury Demand)[8]. (Doc. 54). The Trustee's First Amended and Supplemental Complaint restates Counts I and II, respectively alleging fraudulent conveyances pursuant to the Alabama Fraudulent Transfer Act and pursuant to 11 U.S.C. § 548. Bank of Wedowee has filed a Motion to Strike Demand for Jury Trial, arguing that the Trustee may be entitled to a right to a jury trial on some counts, but not as to others. As summary judgment is granted in favor of the Defendant as to Counts III through VIII of the Trustee's First Amended and Supplemental Complaint, the sole issue here is whether the Trustee is entitled to a jury trial on Counts I and II. The Trustee has waived his right to a jury trial pursuant Fed. R. Civ. P. 38(b), made applicable to requests for jury trials in bankruptcy pursuant to Fed. R. Bankr. P. 9015. Rule 38(b) of the Federal Rules of Civil Procedure provides that:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of a party.

Fed. R. Civ. P. 38(b). The term "last pleading" generally refers to "an answer or reply to a counterclaim." Tropez v. Veneman, 2004 U.S. Dist. LEXIS 4614, at *3 (E.D. La. Mar. 19, 2004)(citing Matter of Texas General Petroleum Corp., 52 F.3d 1330, 1339 (5th Cir.

---

[8] The Trustee filed his Statement of Consent to Jury Trial and to Bankruptcy Court Entering a Final Judgment, on April 20, 2005. (Doc. 83). Defendant Bank of Wedowee filed its Statement of Consent to Jury Trial and to Bankruptcy Court Entering Final Judgment, on May 9, 2005. (Doc. 95).

1995); Vulcan Print Media, Inc. v. Las Vegas Sports News, L.L.C., 2001 U.S. Dist. LEXIS 24206, at *2 (E.D. Pa. Nov. 19, 2001). "Amended or Supplemental pleadings do not extend the time for making demand for jury trial except as to new issues raised by the new pleading." For purposes of Rule 38(b) amendments or supplemental pleadings do not extend the time for making a demand for a jury trial except as to new issues raised by the new pleadings. See Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.), 309 F.3d 1325, 1329 (11th Cir. 2002); Harrell v. City of Chicago Heights, 1996 U.S. Dist. LEXIS 1191, at *5 (N.D. Ill. Jan.29, 1996)(citing Communications Maintenance, Inc. v. Motorola, Inc., 761 F.2d 1202, 1208 (7th Cir. 1985). Here, with the filing of the Trustee's First Amended and Supplemental Complaint, additional claims were added, however the fraudulent conveyance claims alleged were plead in the original complaint against Bank of Wedowee. Accordingly, the "last pleading" with respect to Counts I and II was the Bank of Wedowee's answer to the Complaint, filed on August 30, 2004. As the Trustee's First Amended and Supplemental Complaint was filed well after the expiration of the 10 day window mandated by Rule 38(b), the Court views the jury demand on Counts I and II, alleging fraudulent conveyances pursuant to state fraudulent conveyance law and § 548, as untimely.

However, a finding as to an untimely jury demand does not complete the analysis which must be undertaken here. Rule 39(b) of the Federal Rules of Civil Procedure provides the following:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Case 04-03061    Doc 211    Filed 12/19/05    Entered 12/19/05 13:39:18    Desc Main
Document      Page 14 of 18

Fed. R. Civ. P. 39(b). First, it should be noted that Rule 39(b) requires a motion. Arguably, this requirement has not been satisfied. Here, the Trustee's request for this Court to exercise its discretion to grant it a jury trial pursuant to Rule 39(b) has come in the form of an opposition reply to the Bank of Wedowee's Motion to Strike Demand for Jury Trial. (Docs. 94, 207). No formal motion encompassing this request has been filed. See Pyramid Co. v. HomePlace Stores Two, 175 F.R.D. 415, 421 (D. Mass. 1997)(holding that Rule 39(b) specifically requires that such request be made by motion). Even assuming that the Trustee has met this requirement, applying the factors set forth by the Eleventh Circuit on this issue would not yield in favor of granting the Trustee a jury trial. When considering a Rule 39(b) motion, the factors a court considers are "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983). The issues involved in this Adversary Proceeding are factually and legally complicated, involving issues of the solvency of the Debtor and whether or not the Bank of Wedowee was somehow complicit, by way of acquiescence or by some other means, in allowing a massive and pervasive check kiting scheme to continue involving the accounts and funds of Terry Manufacturing. The Court does not view these issues as being best tried to a jury. Also, as this Adversary Proceeding consist of three consolidated proceedings, many of the factual issues and evidence being in common, such as the solvency or insolvency of the Debtor, disruption and inconvenience would be minimized by conducting a bench trial

15

Case 04-03061    Doc 211    Filed 12/19/05    Entered 12/19/05 13:39:18    Desc Main
Document      Page 15 of 18

on this consolidated action, rather than severing the claims against Bank of Wedowee and trying those separately to a jury. Additionally, as the Trustee has contended that the jury demand is not tardy, contrary to the findings discussed above, the Court is left with no reason or explanation for the Trustee's tardiness to consider. For these reasons, the Court declines to exercise its discretion to grant the Trustee a jury trial as to Counts I and II under Rule 39(b). Further, the Bank of Wedowee's Motion to Strike Demand for Jury Trial is GRANTED with respect to Counts I and II. (Docs. 54, 94).

### E. The Trustee's Motion for Summary Judgment on Insolvency

The Trustee filed a cross motion for partial summary judgment seeking a ruling from the Court that Terry Manufacturing was insolvent throughout the four-year period at issue. (Doc. 198). The Trustee rejects the assertion of the Defendant's expert, Thomas R. Averett, that Terry Manufacturing may have been solvent through December 31, 2000. Relevant to this discussion is the issue of whether an appraisal of furniture, fixtures, and equipment was fabricated. (Alexander Aff. ¶ 13; Pl.'s Ex. F). Also relevant to the issue of the Debtor's solvency is a dispute as to the characterization of a debt owed to the Arkansas State Highway Employees Retirement Systems. (Alexander Aff. ¶ 11). These factual issues involving the solvency of the Debtor are in dispute. The Court notes that this ruling is consistent with the previous discussion regarding the Court's reluctance to grant summary judgment on insolvency given disputed facts and the complex nature of the issue. Finally, with respect to this point, on October 14, 2005, the Peoples Bank filed

a Motion to Strike Cross Motion for Summary Judgment Filed by the Trustee. (Doc. 203). It was announced at a telephonic hearing held on July 28, 2005, that the deadline of August 22, 2005 would be set for the filing of dispositive motions. (Doc. 184). While the Trustee did not file his cross motion for summary judgment until October 7, 2005, the Court is not inclined to strike the motion for summary judgment as untimely as the Court did not anticipate a motion for summary judgment being filed by the Trustee when it set a dispositive motion cutoff of August 22, 2005. However, as the Court has considered and denied the Trustee's motion for summary judgment in any event, the Peoples Bank's Motion to Strike Cross Motion for Summary Judgment is DENIED as moot.

### III. CONCLUSION

In summary, the Court makes the following rulings:

First, the motions for summary judgment of People's Bank, and Bank of Wedowee, on the fraudulent conveyance claims asserted against them are DENIED. (Docs. 177, 178, 179, 181, 182, 183).

Second, Bank of Wedowee's motion for summary judgment will be granted in part with respect to Counts III, IV, V, VI, VII, and VIII of the Trustee's First Amended and Supplemental Complaint. (Docs. 54, 181, 182).

Third, the Trustee's Jury Demand against Bank of Wedowee in Count IX is STRICKEN and Bank of Wedowee's Motion to Strike Demand for Jury Trial is GRANTED as to Counts I and II. (Docs. 54, 94, 207).

Fourth, the Trustee's Motion for Summary Judgment on the issue of insolvency is DENIED and Peoples Bank's Motion to Strike Cross Motion for Partial Summary Judgment is DENIED as moot. (Docs. 198, 203).

Fifth, the Motion of Peoples Bank to Strike Affidavit of J. Lester Alexander, III is DENIED. (Doc. 202).

The Court will issue an appropriate Order consistent with the findings of fact and conclusions of law in this Memorandum Decision by way of a separate document.

Done this 19th day of December, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

Brent B. Barriere, Attorney for Plaintiff
Lee R. Benton, Attorney for The Peoples Bank
Jesse Stringer Vogtle, Jr., Attorney for Bank of Wedowee
Leonard N. Math, Attorney for First Tuskegee Bank